1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Moore,<br><br>        Petitioner,<br><br>v.<br><br>Louis Winn,<br><br>        Respondent. | No. CV-14-02379-TUC-RM (EJM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a pro se Petition for a Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2241 by Anthony Moore ("Petitioner"), who is confined in the United States Penitentiary in Tucson, Arizona.

As an initial matter, the Court notes that the proper respondent in an action for habeas corpus is the Petitioner's custodian. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004). Petitioner named the respondent in this action as "Warden Louis Winn." (Doc. 1). The Court takes judicial notice that Louis W. Winn, Jr. is no longer warden of USP–Tucson. The Court will substitute the new Warden of USP–Tucson, J. T. Shartle, as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to Magistrate Judge Markovich for a Report and Recommendation. For the reasons discussed below, it is recommended that the District Court dismiss the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is currently serving a 20-year North Dakota state sentence for Gross Sexual Imposition. (Doc. 11 Ex. A ¶ 3). On August 23, 2013, Petitioner was transferred from state custody to federal custody pursuant to 18 U.S.C. 5003; his projected release date is August 18, 2021. *Id.* Petitioner has filed many civil actions while in both state and federal custody. (Doc. 11 at 2). In fact, he previously filed a § 2241 petition in the District of Arizona (14-cv-1987-TUC-CKJ-EJM) raising similar arguments that he makes in the instant petition. The District Court dismissed the prior § 2241 petition in an Order dated June 4, 2014, finding that it lacked jurisdiction over the claims raised.

Petitioner filed the instant § 2241 petition on September 24, 2014. (Doc. 1). He claims that he was not allowed to attend a Program Review meeting while housed in the Special Housing Unit (SHU), and challenges his classification score. Petitioner also asserts that he has exhausted his administrative remedies with respect to both of these claims. This Court does not reach the issue of exhaustion, because the Court lacks jurisdiction over Petitioner's challenge to the classification decisions made in his case. In fact, this Court has previously considered this same issue raised by the Petitioner regarding his classification, and concluded that the Court lacked jurisdiction over the classification decision.

## II. DISCUSSION

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *holding modified by City of Littleton, Colo. v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, a proper characterization of the petition is necessary to a determination of

jurisdiction. *Id.*

The Ninth Circuit has made clear that jurisdiction over a petition filed pursuant to 28 U.S.C. § 2241 exists in a federal prison setting in three circumstances: (1) when a prisoner "claims that he has been denied good time credits without due process"; (2) when a prisoner claims "that he has been subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process"; and (3) when a prisoner "seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole." *Bostic v. Carlson*, 884 F.3d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). Thus, a prisoner may only utilize a § 2241 petition when he is challenging the fact or duration of his custody with the traditional remedy being immediate or sooner release from custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Here, Petitioner has not raised claims challenging the fact or duration of his confinement, but rather, whether he was able to meet with his classification team and the accuracy of his custodial classification. Thus, he has neither raised claims implicating his due process or other constitutional rights, nor has he demonstrated that he has been subjected to greater restriction of his liberty, such as disciplinary segregation. He also does not claim that the duration of his sentence has been affected through the loss of good time credits. The Ninth Circuit has held that "habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Therefore, even if Petitioner's allegations about his custody classification were true, there would be no impact on the fact or duration of his incarceration. Accordingly, this Court recommends that the District Court dismiss the instant § 2241 petition for lack of jurisdiction.

### III. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) **SUBSTITUTING** J.T. Shartle, Warden, as Respondent for "Louis Winn" pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure; and

(2) **DISMISSING** the Petition (Doc. 1) under 28 U.S.C. § 2241 for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-14-2379-TUC-RM.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 18th day of May, 2017.

Eric J. Markovich
United States Magistrate Judge